

**FILED**

**4:48 pm, 3/6/25**

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| WESTERN ENERGY ALLIANCE, INDEPENDENT PETROLEUM ASSOCIATION OF NEW MEXICO, NEW MEXICO OIL & GAS ASSOCIATION, NORTH DAKOTA PETROLEUM COUNCIL, PETROLEUM ASSOCIATION OF WYOMING, and UTAH PETROLEUM ASSOCIATION, | |
| Petitioners, | |
| vs. | Case No. 24-CV-100 |
| DOUG BURGHAM, in her official capacity as Secretary of the Interior, and UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Respondents, | |
| CENTER FOR BIOLOGICAL DIVERSITY, CITIZENS FOR A HEALTHY COMMUNITY, FRIENDS OF THE EARTH, MONTANA ENVIRONMENTAL INFORMATION CENTER, PRAIRIE HILLS AUDUBON SOCIETY, SIERRA CLUB, and WESTERN ORGANIZATION OF RESOURCE COUNCILS, | |
| Intervenor-Respondents. | |

---

## ORDER GRANTING MOTION TO HOLD CASE IN ABEYANCE

Before the Court is Respondents' Motion to Hold Case in Abeyance. [ECF No. 50]. Petitioners consent to this request, but Intervenor-Respondents oppose the request. [ECF No. 51]. The Court, having carefully considered the parties' filings and relevant law, grants Respondents' request.

Respondents move the Court to hold this case in abeyance based on the recent change in the executive branch. Since the case was filed, President Donald J. Trump was elected and issued an executive order that encourages energy exploration on federal lands and suspends, revises, or rescinds all agency actions that unduly burden the use of domestic resources. *See* Exec. Order No. 14154, Unleashing American Energy, 90 Fed. Reg. 8353. Recently-appointed Secretary of the Interior, Doug Burgum, issued a secretary order implementing this policy. *See* Secretarial Order 3418. Because the Leasing Rule may be amended or rescinded, Respondents request the Court defer judicial review in the interest of justice and efficiency and for the new administration to familiarize itself with the issues. [ECF No. 50, at 3]. Respondents propose a status report will be filed in sixty days. *Id.*

Intervenor-Respondents oppose this request as premature because Respondents have not indicated whether they will take any action with respect to the rule. [ECF No. 151, at 2–3]. Further, Intervenor-Respondents contend Respondents' familiarization with the issues is not a justification for abeyance since the parties have fully briefed the matter and there is nothing left other than the Court's ruling. *Id.* at 3. Intervenor-Respondents also claim there is still a live legal issue, namely "whether Department of Interior and BLM

have the authority to regulate lands in the public interest and implement basic bonding and fiscal reforms that would protect both taxpayers and public lands." *Id.* at 3–4.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts routinely grant abeyances when a new administration comes into office. *E.g., U.S. House of Representatives v. Burwell*, 676 F. App'x 1 (D.C. Cir. 2016); *Am. Petroleum Inst. v. U.S. Env't Prot. Agency*, 683 F.3d 382, 389 (D.C. Cir. 2012) ("[T]o protect against the unlikely and the unpredictable, we can hold the case in abeyance pending resolution of the proposed rulemaking, subject to regular reports from [agency] on its status."); *Biden v. Sierra Club*, 141 S. Ct. 1289 (2021) (granting abeyance despite the fact that briefs had already been filed). As one commenter notes:

> Abeyances can help incoming administrations prevent the previous administration's regulatory policies from receiving unwanted judicial legitimacy. In cases challenging regulatory policies, administrations can use abeyances to put off court decisions until agencies decide whether to repeal or amend the rule. Courts generally grant abeyances on the grounds that they "conserve judicial resources" when an agency is planning to rethink a rule, which would in turn render the pending suit moot. Even if the agency does not ultimately repeal the challenged rule, if the agency adopts changes to the rule the abeyance still potentially saves time, effort, and resources by narrowing the justiciable issues the court must address.

Bethany A. Davis Noll & Richard L. Revesz, *Presidential Transitions: The New Rules*, 39 Yale J. on Reg. 1100, 1120 (2022) (footnotes omitted).

Accordingly, the Court grants Respondents' request that litigation be held in abeyance. In the interest of judicial economy, the Court will not waste resources to uphold or vacate the Leasing Rule if it will be later suspended, revised, or rescinded. Because Respondents propose a sixty-day status report, the parties will be apprised of any progress in a timely fashion.

NOW, THEREFORE IT IS ORDERED Respondents Motion to Hold Case in Abeyance [ECF No. 50] is GRANTED. The case is held in abeyance.

IT IS FURTHER ORDERED Respondents shall file a status report on May 1, 2025, and every 60 days thereafter.  The Department of the Interior will further file a status report on actions taken to implement the directives of Executive Order 13541 or Secretary's Order 3418 within 180 days of the Court entering the abeyance. At any time before that date, any party may request that the abeyance be lifted.

Dated this 6th day of March, 2025.

Kelly H. Rankin
United States District Judge